IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARILLA G. E R. FRATELLI-SOCIETA PER AZIONI AND BARILLA AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN ITALIAN PASTA COMPANY, <br><br> Defendant. | FILED: APRIL 21, 2008 <br> 08CV2252   JH <br> No. JUDGE ANDERSEN <br> Judge MAGISTRATE JUDGE DENLOW <br> Magistrate <br><br> Plaintiffs Demand Trial By Jury |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, UNFAIR COMPETITION AND INJUNCTIVE RELIEF

Plaintiffs Barilla G. e R. Fratelli-Societa per Azioni ("Barilla Fratelli") and Barilla America, Inc. ("Barilla America") (collectively "Barilla"), by their attorneys, complains as follows against Defendant, American Italian Pasta Company ("AIPC"):

### INTRODUCTION

1. Barilla brings this action for permanent injunctive relief, damages, disgorgement of profits and attorneys' fees for AIPC's willful and wrongful trademark and trade dress infringements, unfair competition, unfair trade practices, and dilution and injury to business reputation. It arises under the laws of the United States and Illinois, including the Federal Trademark Act of 1946, as amended, 15 U.S.C. §1051 *et. seq.,* and the statutory and common law of Illinois. Barilla's claims relate to its exclusive right to use the marks "PLUS" and "BARILLA PLUS" in connection with its sale of pasta products and AIPC's infringement on those rights.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Barilla's claims under 28 U.S.C. §1331 & §1338, 15 U.S.C. §1121 & §1125 and supplemental jurisdiction over the common law and state statutory claims under 28 U.S.C. § 1367.

3. This Court has jurisdiction over the Defendant by virtue of the fact that it is engaged in the business of selling products, specifically including pasta products, throughout the United States including within this judicial district.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and §1391(c) in that the events giving rise to this action occurred in this judicial district and AIPC is doing business within this judicial district by importing its pasta products into this district and/or selling its pasta products to one or more customers with knowledge that such products would be sold in this district.

## THE PARTIES

5. Plaintiff Barilla Fratelli is an Italian corporation with its principal place of business at Viale Riccardo a Pietro Barilla 3/A, Parma, Italy.

6. Barilla Fratelli is the owner of several federal trademark registrations and applications, including Reg. No. 3,037,740 for the mark "BARILLA PLUS" for pasta and sauces and App. Ser. Nos. 77,148,613 and 77,164,300 for the mark "PLUS" for pasta and sauces.

7. Barilla Fratelli is the parent company of Barilla America.

8. Barilla America is an Illinois corporation with its principal place of business at 1200 Lakeside Dr., Bannockburn, Illinois 60015-1243.

9. Barilla America was the original owner of the application that eventually matured into Reg. No. 3,037,740. Barilla America assigned that application to Barilla Fratelli on August 10, 2005.

10. Defendant AIPC is a Delaware corporation with its principal offices at 4100 N. Mulberry, Suite 200, Kansas City, Missouri 64116. AIPC manufactures and distributes pasta and related products throughout the United States, including within this judicial district, under a variety of brands and trademarks.

## BARILLA'S RIGHTS IN THE MARKS

11. Since in or around January/February of 2005, Barilla America and Barilla Fratelli have used the marks "PLUS" and "BARILLA PLUS" in connection with the sale of Barilla's ALA Omega-3 and protein enriched pasta product in the United States. (For ease of reference, both Barilla's and AIPC's ALA Omega-3 and protein enriched pasta products will be referred to throughout as "Enriched Pasta.") Through extensive advertising, promotion, and sales over that period of time, Barilla's "PLUS" and "BARILLA PLUS" marks have acquired secondary meaning in the relevant market and have become an indicia of source as to Barilla for Enriched Pasta products.

12. Up through the end of 2007, Barilla has spent in excess of $26,000,000 advertising and promoting its "PLUS" and "BARILLA PLUS" marks and the products associated with them and has already committed to spend in excess of $6,000,000 more in advertising and promoting these marks and the products associated with them in 2008. In addition, Barilla has invested $35,000,000 in trade spend associated with developing the "PLUS" and "BARILLA PLUS" marks since the launch of its Enriched Pasta products. As a result, the

marks have become famous in the minds of Barilla's customers and strongly associated with the Barilla name and Barilla's products.

## AIPC'S INFRINGING USE

13. In or about March 2007, Barilla became aware that AIPC intended to sell a line of Enriched Pasta under its HEARTLAND brand that confusingly and wrongfully used the "PLUS" mark. Sometime thereafter, AIPC actually began selling—and as of today continues to sell—its Heartland and certain other private label Enriched Pasta products, all of which confusingly and wrongfully use the "PLUS" mark. Both AIPC's Heartland Enriched Pasta and its other private label Enriched Pasta products bear the "PLUS" mark and are being sold in the same markets as Barilla's Enriched Pasta bearing its "PLUS" and "BARILLA PLUS" marks.

14. On April 30, 2007, counsel for Barilla sent a letter to AIPC (the "April 30 Letter") advising it that Barilla is the owner of a federal trademark application for the mark "PLUS" and that Barilla had common law rights arising from Barilla's use of the "PLUS" mark.

15. In the April 30 Letter, Barilla put AIPC on notice that its use of the "PLUS" mark constituted "trademark infringement under Section 32(1) of the Lanhan Act, 15. U.S.C. §1114(1), …false designation of origin and false description under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) and violat[ed] the state trademark and dilution statutes and common law principles of unfair competition and misappropriation."

16. The April 30 Letter further demanded that AIPC cease any use or planned use of the "PLUS" mark in connection with its pasta products and asserted that Barilla would vigorously enforce its right to the exclusive use of that mark.

17. The April 30 Letter warned AIPC that Barilla would "take all legal recourse available to protect the goodwill, value and reputation" associated with the "PLUS" mark.

18. Through its counsel, AIPC responded to the April 30 Letter on May 21, 2007, refusing to cease its use of the "PLUS" mark.

19. Following AIPC's May 21, 2007 response and since that time though the present, Barilla has made numerous additional attempts to resolve its claims against AIPC and to convince AIPC to cease infringing on Barilla's "PLUS" and "BARILLA PLUS" marks.

20. Since at least as early as March 2007, AIPC has been selling competing pasta products containing the infringing mark "PLUS." AIPC's actions have been undertaken willfully and with the intent and knowledge that such actions would cause confusion, mistake or deception in the relevant markets.

21. AIPC's improper use of the "PLUS" mark has caused and will continue to cause confusion, mistake or deception among purchasers and potential purchasers of Barilla's products bearing the "PLUS" and "BARILLA PLUS" marks as to the source of origin of the pasta manufactured and sold by AIPC. As a result, purchasers are likely to believe that AIPC's products originate from, are in some way connected with, approved by, sponsored by, affiliated with or endorsed by Barilla.

22. As a direct and proximate result of AIPC actions, Barilla has suffered and will continue to suffer irreparable injury and substantial damages, which will continue unless AIPC is restrained from continuing its wrongful conduct.

**COUNT I**
**Section 32 of the Lanham Act**
**Registered Trademark Infringement**

23. Barilla repeats its allegations set forth in paragraphs 1-22 above with the same force and effect as if set forth herein in their entirety.

24. AIPC'S actions, as described above, have been undertaken willfully and with the intent and knowledge that such actions would cause confusion, mistake or deception in the

relevant markets where Barilla sells its Enriched Pasta bearing the trademarks "PLUS" and "BARILLA PLUS."

25. AIPC's use of the "PLUS" mark is likely to cause confusion as to the source of origin of the goods manufactured and sold by Barilla under its marks "PLUS" and "BARILLA PLUS." As a result, purchasers are likely to believe that AIPC's "PLUS" pasta products originate from, are in someway connected with, approved by, sponsored by, affiliated with or endorsed by Barilla.

26. AIPC, by the acts complained of herein, has competed unfairly with Barilla, and has otherwise used the valuable reputation and goodwill of Barilla and Barilla's "PLUS" mark in order to promote, and unfairly benefit from, the sale of its Enriched Pasta products. AIPC is unfairly benefiting from the goodwill in Barilla's "PLUS" mark and reaping benefits from the fruits of Barilla's efforts and considerable investment.

27. Such actions by AIPC constitute infringement of Barilla's trademarks "PLUS" and "BARILLA PLUS" in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

28. As a direct and proximate result of AIPC's actions, Barilla has suffered and will continue to suffer irreparable injury and substantial damages, which will continue unless AIPC is restrained from continuing its wrongful conduct.

## COUNT II
### Section 43(a) of the Lanham Act

29. Barilla repeats its allegations set forth in paragraphs 1-28 above with the same force and effect as if set forth herein in their entirety.

30. AIPC's improper use of the mark "PLUS" has likely caused and will continue to likely cause confusion, mistake or deception among purchasers and potential purchasers of Barilla's products bearing the "PLUS" and "BARILLA PLUS" marks as to the source of origin

of the Enriched Pasta bearing the "PLUS" mark being manufactured and sold by AIPC. As a result, purchasers are likely to believe that AIPC's products originate from, are in some way connected with, approved by, sponsored by, affiliated with or endorsed by Barilla.

31. AIPC is not authorized or licensed by Barilla to use the "PLUS" mark or anything confusingly similar.

32. AIPC's wrongful conduct constitutes the unauthorized use in commerce of a symbol, devise or combination thereof and a false designation of origin which is likely to cause consumer confusion, or to cause mistake, or to deceive as to the origin, sponsorship or approval of AIPC's "PLUS" pasta in violation of Section 43 (a) of the Lanham Act, 15 U.S.C. §1125 (a).

33. AIPC actions and statements were undertaken deliberately and willfully and were done with the intent to cause confusion, mistake or deception.

34. The use by AIPC of the "PLUS" mark trades upon the goodwill that Barilla has developed in its "PLUS" mark and such use damages the rights Barilla has in said mark and the goodwill represented thereby.

35. As a direct and proximate result of AIPC actions, Barilla has suffered and will continue to suffer irreparable injury and substantial damages, which will continue unless AIPC is restrained from continuing its wrongful conduct.

## COUNT III
## Unfair Competition

36. Barilla repeats its allegations set forth in paragraphs 1-35 above with the same force and effect as if set forth herein in their entirety.

37. Taken as a whole, AIPC's actions in copying Barilla's products and infringement of its marks is an attempt to ride on the coattails of the goodwill associated with Barilla's marks

and cause confusion in the marketplace with the intent to make customers falsely believe that AIPC is sponsored by, related to, or associated with Barilla.

38. The confusion, mistake, or deception constitutes common law unfair competition.

## COUNT IV
### Unfair Competition in Violation of 815 ILCS 505/1 et. seq., 815 ILCS 510/1 et. seq. and the Common Law of Illinois

39. Barilla repeats its allegations set forth in paragraphs 1-38 above with the same force and effect as if set forth herein in their entirety.

40. AIPC's wrongful conduct constitutes unfair methods of competition and unfair and deceptive acts or practices in trade or commerce and creates a likelihood of confusion, misunderstanding or deception in the public's minds as to the origin of the parties' services and goods, all in violation of 815 ILCS 505/1 et seq. and the common law of Illinois.

41. AIPC's unlawful actions have resulted in unjust enrichment to AIPC and have caused Barilla to suffer substantial damage.

## COUNT V
### DILUTION IN VIOLATION OF THE LANHAM ACT
### Section 43(c)(1), 15 USCA §1125(c)(1)

42. Barilla repeats its allegations set forth in paragraphs 1-41 above with the same force and effect as if set forth herein in their entirety.

43. As set forth herein, since long prior to AIPC's first use of the infringing "PLUS" mark on its Heartland and other private label pasta products, Barilla widely used and promoted its Enriched Pasta under its "PLUS" mark. Such use has included substantial advertising and promotion featuring the "PLUS" mark throughout the United States, including within this judicial district. Moreover, Barilla has enjoyed substantial sales of products packaged using its "PLUS" mark.

44. As a result of Barilla's extensive use and advertisement of the "PLUS" and "BARILLA PLUS" marks have caused the Barilla marks to become famous marks. Such fame attached prior to the time AIPC adopted the use of its infringing "PLUS" mark.

45. AIPC's adoption and use of "PLUS" mark constitutes a commercial use in commerce of a designation that dilutes and is likely to dilute the distinctive quality of the "PLUS" and "BARILLA PLUS" marks by lessening the capacity of those marks to identify and distinguish the goods sold by Barilla from those sold by others, all in violation of the Lanham Act §43(c)(1), 15 USCA §1125(c)(1).

46. As a direct and proximate result of AIPC actions, Barilla has suffered and will continue to suffer irreparable injury and substantial damages and, unless AIPC is restrained from continuing its wrongful acts, the damage to Barilla will continue.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiffs prays that this Court enter judgment in their favor against Defendant:

    A. Permanently enjoining AIPC, its officers, agents, servants, employees, attorneys, parents, subsidiaries and related companies from:

        1) using the "PLUS" mark or any marks confusingly similar to it, in connection with the advertising, promoting, offering for sale or sale of pasta or pasta-related products;

        2) performing any acts or making any representations that are likely to cause mistake, confusion, or deception on the part of the public into believing that AIPC's pasta or pasta-related products are in some way connected with, sponsored by, endorsed by, approved by, affiliated with or associated with Barilla;

        3)    otherwise competing unfairly with Barilla;

        4)    displaying, shipping, returning, delivering, transporting, otherwise disposing of any products incorporating the "PLUS" mark; and

        5)    diluting the distinctive quality of Barilla's famous "PLUS" or "BARILLA PLUS" marks.

B.    Finding that AIPC has infringed Barilla's "PLUS" mark by the acts complained of herein and that such acts will damage and have damaged the distinctiveness of Barilla's "PLUS" and "BARILLA PLUS" marks and will continue to do so unless enjoined by this Court.

C.    Finding that AIPC's activities are likely to dilute, have diluted and will continue to dilute the distinctive quality of the Barilla marks.

D.    Finding that AIPC has unfairly competed with Barilla by the acts complained of herein.

E.    Requiring AIPC to account for and pay over to Barilla all profits realized by AIPC by reason of its unlawful acts in violation of the Lanham Act, such amounts be trebled, as provided by law;

F.    Entering judgment against AIPC in the amount of Barilla's actual damages, including lost profits, resulting from AIPC's wrongful conduct, plus pre-judgment interest; and

G.  Awarding Barilla its costs and attorneys' fees and such other relief as just.

**Barilla G. e R. Fratelli-Societa Per Azioni and Barilla America, Inc., Plaintiffs**

By: /s/Anthony C. Valiulis
**One of Their Attorneys**

Anthony C. Valiulis
Andrea E. Forsyth
**Much Shelist Denenberg
 Ament & Rubenstein PC**
191 North Wacker Drive
Suite 1800
Chicago, Illinois 60601
312-521-2000I

Jeffrey Liebling
General Counsel
**Barilla America, Inc.**
1200 Lakeside Drive
Bannockburn, IL 60015
847-405-7599

*Attorneys for Plaintiffs*